1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARSHALL BURGESS, JR.,                    )
                                          )
                                          )
            Plaintiff,                    )          3:10-cv-00628-HDM-VPC
                                          )
vs.                                       )
                                          )          **ORDER**
FEDERAL BUREAU OF                         )
INVESTIGATIONS,                           )
                                          )
            Defendant.                    )
_____ /

On October 6, 2010, the court received a handwritten document from plaintiff entitled "motion to disclose F.O.I.A. 5 U.S.C. 552" (docket #1-1). Such document is insufficient to initiate a civil rights action in this court. First, a civil rights complaint is required. Second, the Local Rules require plaintiffs appearing in *pro se*, such as this plaintiff, to file all of their applications to proceed *in forma pauperis* and complaints or petitions on the court's approved forms. LSR 2-1("[a] civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this court."). Plaintiff's application to proceed *in forma pauperis* is also incomplete; the financial certificate is missing.

Moreover, pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or

1

2   malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a

3   defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when

4   it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The

5   court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal

6   theory or where the factual contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether

7   a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

8   *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

9           Allegations in a *pro se* complaint are held to less stringent standards than formal

10  pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.

11  519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

12  Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the

13  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

14  conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

15  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

16  allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*

17  *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).     Moreover, "a finding of factual frivolousness is appropriate

18  when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are

19  judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

20  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the

21  complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

22  that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106

23  (9th Cir. 1995).

24          To the extent that plaintiff attempts to initiate an action under the Freedom of Information

25  Act ("FOIA"), FOIA provides individuals with a "judicially-enforceable right of access to government

26

2

1

2   agency documents." *Lion Raisins, Inc. v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004)

3   (citing 5 U.S.C. § 552).  The primary purpose of enforcing the right of access is to "ensure an informed

4   citizenry, [which is] vital to the functioning of a democratic society, [and] needed to check against

5   corruption and to hold the governors accountable to the governed." *Los Angeles Times Communications*

6   *v. Dep't of the Army*, 442 F. Supp.2d 880, 892 (C.D. Cal. 2006) (quoting *John Doe Agency v. John Doe*

7   *Corp.*, 493 U.S. 146, 152 (1989) (internal quotations omitted).  The Supreme Court has interpreted FOIA

8   broadly, requiring "full agency disclosure," except where exempted by the Act.  *Lion Raisins*, 354 F.3d

9   at 1079.  There are nine statutory exemptions, each protecting against the disclosure of a specific type

10  of sensitive government information.  5 U.S.C. § 552(b)(1)-(9).  Even where material falls within one

11  of the nine enumerated exemptions, § 552(b) further requires disclosure of "any reasonably segregable

12  portion of the record . . . after deletion of the portions which are exempt."  5 U.S.C. § 552(b).  It is

13  reversible error for a district court to "simply approve the withholding of an entire document without

14  entering a finding on segregability, or the lack thereof."  *Church of Scientology of Cal. v. U.S. Dep't of*

15  *Army*, 611 F.2d 738, 744 (9th Cir. 1979).  Non-exempt portions of a document must be disclosed unless

16  the Court finds that they are "'inextricably intertwined with exempt portions' to such a degree that

17  separating the two would "impose significant costs on the agency and produce an edited document with

18  little informational value." *Williamette Indus., Inc. v. United States*, 689 F.2d 865, 867-68 (9th Cir. 1982)

19  (quoting *Mead Data Central, Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260-61 (D.C. Cir. 1977).

20        FOIA requires a records request to "reasonably" describe requested records and to comply

21  with "published rules stating the time, place, fees (if any), and procedures to be followed."  *See* 5 U.S.C.

22  § 552(a)(3)(A).  [F]ull and timely exhaustion of administrative remedies is a prerequisite to judicial

23  review under FOIA." *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F. Supp.2d 111, 112 (D. D.C.

24  2001).  Prior to seeking judicial review, a records requester must exhaust his or her administrative

25  remedies, including filing a proper FOIA request. *See Hedley v. United States*, 594 F.2d 1043, 1044 (5th

26

3

1

2   Cir. 1979).  If the records requester fails to exhaust administrative remedies, the lawsuit may be

3   dismissed for lack of subject matter jurisdiction.  *Heyman v. Merit Systems Protection Board*, 799 F.2d

4   1421, 1423 (9th Cir. 1986), *cert. denied*, 481 U.S. 1019 (1987).

5           For requested materials to qualify as "agency records" under FOIA, "an agency must

6   either create or obtain the requested materials" and "the agency must be in control of the requested

7   materials at the time the FOIA request is made."  *United States Dep't of Justice v. Tax Analysts*, 492

8   U.S. 136, 144-145 (1989); *Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 479 (2nd Cir. 1999).

9           It is difficult to discern precisely what plaintiff requests under FOIA, but he apparently

10  seeks his FBI file, including any tape recordings of his conversations while at Southern Desert

11  Correctional Center ("SDCC").  Plaintiff alleges that the FBI has "turned over my sensitive information

12  to Vegas gang bangers, Cali gang bangers and on the streets of Vegas and to prison officers and

13  caseworkers with gang ties as well, and inmates and officers sent still photos of me being raped in prison

14  to my ex-girl friends."  It appears from plaintiff's affidavit that he learned of the above because he heard

15  prison personnel and inmates talking, laughing, and passing around an "FBI investigation report? or

16  some type of investigation report on me."  Not only has plaintiff failed to reasonably describe the records

17  he seeks, but his allegations appear fantastic and delusional.  Moreover, plaintiff has not demonstrated

18  that he has exhausted his administrative remedies for a FOIA request prior to seeking judicial review.

19  Here, lack of a complete application to proceed *in forma pauperis* notwithstanding, the court finds that

20  plaintiff's allegations are fantastic, delusional and irrational.  The court construes the FOIA "motion"

21  as an attempt to initiate a FOIA action, and this action must be dismissed with prejudice as frivolous,

22  as it is clear from the face of plaintiff's document that the deficiencies cannot be cured by amendment.

23          **IT IS THEREFORE ORDERED** that the plaintiff's application to proceed *in forma*

24  *pauperis* (docket #3) is **DENIED.**

25          **IT IS FURTHER ORDERED** that the Clerk shall file plaintiff's "motion to disclose

26

1

2  F.O.I.A. 5 U.S.C. 552" (docket #1-1).

3      **IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice as

4  factually frivolous.

5      **IT IS FURTHER ORDERED** that plaintiff's motion to transport prisoner (docket #4)

6  is **DENIED**.

7      **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close

8  this case.

9      DATED this 16th day of November, 2010.

10

11

12  _____

13  UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

5